Filed 3/12/25  P. v. Williams CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN WESLEY WILLIAMS,<br><br>    Defendant and Appellant. | B332286<br><br>(Los Angeles County<br>Super. Ct. No. BA245618) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN WESLEY WILLIAMS,<br><br>    Defendant and Appellant. | B336359<br><br>(Los Angeles County<br>Super. Ct. No. VA070560) |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge (case No. B332286) and Debra Cole-Hall, Judge (case No. B336359). Case No. B332286 dismissed. Case No. B336359 reversed and remanded.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant (both matters).

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General for Plaintiff and Respondent (both matters).

Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent (case No. B332286).

Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent (case No. B336359).

_____

Defendant John Wesley Williams appeals from two resentencing proceedings under Penal Code[1] section 1172.75, one pertaining to carjacking-related convictions (case No. B336359) and one pertaining to a gassing conviction (case No. B332286). In the carjacking-related resentencing proceeding, the trial court struck a section 667.5, subdivision (b) enhancement, but declined to grant defendant full resentencing because the enhancement had been stayed when first imposed. In the gassing resentencing proceeding, the trial court struck three section 667.5, subdivision (b) enhancements but granted no further relief.

In his appeal from the carjacking-related resentencing proceeding, defendant argues he was entitled to a full

_____

[1] Unspecified statutory citations are to the Penal Code.

2

resentencing even though his section 667.5, subdivision (b) enhancement had been stayed. In his appeal from the gassing proceeding, defendant argues the striking of the section 667.5, subdivision (b) enhancements in that case entitled him to full resentencing on his carjacking-related sentence as well, because his gassing sentence was concurrent with the carjacking-related sentence.

We agree with defendant he was entitled to full resentencing in the carjacking-related case, despite the enhancement being stayed. We therefore reverse and remand in case No. B336359. This holding moots defendant's challenge in case No. B332286, which we dismiss.

## BACKGROUND

### 1. *Carjacking-related convictions*

An information filed May 9, 2002 charged defendant with kidnapping for carjacking, kidnapping to commit another crime, carjacking, kidnapping, second degree robbery, and attempted oral copulation in a correctional facility. The information alleged defendant had suffered prior convictions subjecting him to sentencing under the "Three Strikes" law as well as enhancements under sections 667, subdivision (a)(1) and 667.5, subdivision (b).

On April 4, 2003, a jury found defendant guilty on all counts except the oral copulation count, which apparently was not presented to the jury. On November 14, 2003, the court, Judge P.H. Hickok presiding, sentenced defendant to life in prison on the kidnapping for carjacking count with a minimum parole date of 25 years. The court enhanced the sentence an additional 10 years under section 667, subdivision (a) for two

3

prior convictions. The court "imposed and stayed" the enhancement under section 667.5, subdivision (b). The court stayed sentence on the remaining counts under section 654.

On January 19, 2005, the trial court modified defendant's sentence on the carjacking-related charges after receiving the remittitur from defendant's appeal. Per this court's instructions, the trial court struck the stayed counts for carjacking and kidnapping and further struck one of the section 667, subdivision (a) enhancements, resulting in a modified sentence of life plus five years.

## 2. *Gassing conviction*

On April 7, 2003, three days after the jury convicted defendant of the carjacking-related charges, the People filed an information charging defendant with one count of battery by gassing upon a peace officer or employee of a detention facility.[2] The information alleged the offense occurred on February 6, 2003, while defendant was "confined in a local detention facility." Given the date of the alleged incident, it appears it took place while defendant was in custody awaiting trial on the carjacking-related charges. The information further alleged prior convictions, including the carjacking-related convictions.

---

[2] Gassing is "intentionally placing or throwing, or causing to be placed or thrown, upon the person of another, any human excrement or other bodily fluids or bodily substances or any mixture containing human excrement or other bodily fluids or bodily substances that results in actual contact with the person's skin or membranes." (§ 243.9, subd. (b).)

4

The case was called for preliminary hearing on April 7, 2004, exactly one year after the information was filed, with Commissioner Kristi Lousteau presiding.

At the hearing, defendant pleaded no contest to the gassing charge. Defendant admitted the prior convictions for purposes of enhancements under section 667.5, subdivision (b), but on the People's motion, the trial court struck the prior convictions for purposes of the Three Strikes law. The court then sentenced defendant to six years, consisting of three years for the gassing charge and three 1-year prior conviction enhancements under section 667.5, subdivision (b). The court ordered the sentence be "served concurrently with any other time."

On July 2, 2004, the trial court issued a nunc pro tunc order reducing defendant's sentence on the gassing charge to five years by omitting one of the one-year enhancements under section 667.5, subdivision (b). The record does not indicate why the court made this change.

### 3. *Resentencing proceedings*

On June 22, 2023, the trial court, Judge David V. Herriford presiding, held a section 1172.75 resentencing hearing on defendant's gassing conviction. The court struck the two enhancements under section 667.5, subdivision (b) and resentenced defendant to three years. The court noted defendant had "already served his term anyway," "[s]o I don't know if there was anything else we need to do." Defendant's counsel did not request any further relief.

On December 12, 2023, the trial court, Judge Debra Cole-Hall presiding, held a section 1172.75 resentencing hearing on

5

defendant's carjacking-related convictions.[3]  Because defendant's section 667.5, subdivision (b) enhancement had been stayed, the court denied defendant's request for a full resentencing, citing *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169.  The court struck the section 667.5, subdivision (b) enhancement, but left the remainder of defendant's sentence undisturbed.

Defendant timely appealed from both resentencing proceedings.  On our own motion, we consolidated the appeals for argument and decision.

## DISCUSSION

Before January 1, 2020, section 667.5, subdivision (b) required that trial courts impose a one-year sentence enhancement for each prior prison or county jail term the defendant served if the defendant had not remained free of custody for the preceding five years.  (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) This changed with Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended section 667.5, subdivision (b) by limiting the enhancement to prior prison terms for sexually violent offenses. (§ 667.5, subd. (b); *Jennings*, *supra*, at p. 681.)

In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.), which made Senate Bill No. 136's changes to the law retroactive (Stats. 2021, ch. 728, § 1), and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

---

[3] Defendant was represented by different counsel than had represented him at the resentencing hearing on his gassing conviction.

6

Section 1172.75 provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The statute directs correctional officials to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and bring those persons to the attention of "the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) The sentencing court must then "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. . . ." (*Id.*, subd. (c).)

The statute further directs, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Courts "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Courts "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical

7

condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

In case No. B332286, defendant argues his gassing sentence and his carjacking-related sentence constitute a single aggregate sentence, and therefore the trial court, in striking the section 667.5, subdivision (b) enhancements on his gassing sentence, should have conducted a full resentencing hearing that also addressed his carjacking-related sentence. In case No. B336359, defendant alternatively argues he was entitled to full resentencing on the carjacking-related charges by virtue of the section 667.5, subdivision (b) enhancement imposed on that sentence, despite the trial court staying the enhancement. In supplemental briefing requested by this court, defendant concedes a ruling in his favor in case No. B336359 moots his argument in case No. B332286, and we therefore have consolidated the cases for argument and decision.

The first question we must answer in this consolidated appeal, therefore, is whether defendant is entitled to full resentencing based on the stayed section 667.5, subdivision (b) enhancement on his carjacking-related sentence. This question turns on whether the term "imposed" in section 1172.75, subdivision (a) includes enhancements that were imposed and stayed or only enhancements that are imposed and executed. Statutory interpretation is a question we address de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Appellate courts have disagreed on the interpretation of section 1172.75, subdivision (a). The trial court in the instant

8

case relied on *Rhodius*, which held section 1172.75 applies only to enhancements that were executed, not stayed. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 49, review granted.) Every subsequent published decision on the question, however, has disagreed with *Rhodius*, and concluded section 1172.75 applies to stayed enhancements as well. (See, e.g., *People v. Bravo* (2025) 107 Cal.App.5th 1144; *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987;[4] *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672, review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309 (*Christianson*), review granted Feb. 21, 2024, S283189.)

This split of authority currently is before the Supreme Court. Until our high court speaks on the question, we agree with the weight of authority interpreting section 1172.75 to include sentences for prison prior enhancements that, like defendant's enhancement, have been imposed and stayed.

As *Christianson* explained, under section 1172.75, subdivision (b), the Department of Corrections and Rehabilitation (CDCR) is required to identify all inmates for whom the section 667.5, subdivision (b) enhancements were included in the abstract of judgment regardless of whether the enhancements were stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) "Had the Legislature intended for the language

---

[4] The majority in *Espino* also held that section 1172.75 applies to a section 667.5, subdivision (b) enhancement that the original trial court had stricken. (*Espino*, *supra*, 104 Cal.App.5th at p. 194, review granted.) We express no opinion on whether that holding is correct.

9

in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so."  (*Ibid*.)  "It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Ibid*.)

*Christianson* further explained that the Legislature intended to "provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Christianson, supra*, 97 Cal.App.5th at p. 314, review granted.) Because "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement," *Christianson* discerned "no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancements and those for whom the enhancement was imposed but stayed.  In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence."  (*Christianson, supra*, at p. 315.)

The Attorney General urges us to follow *Rhodius*, which concluded "imposed" in section 1172.75, subdivision (a) must be interpreted as "imposed and executed" to harmonize with subdivision (d)(1), stating that resentencing "shall result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement."  (*Rhodius, supra,*

10

97 Cal.App.5th at pp. 43–44, review granted.) *Rhodius* reasoned, "Section 1172.75[,] subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, *supra*, at p. 44.)

Other courts have rejected this argument, reasoning that when an enhancement is stayed as opposed to stricken, the "enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances" should the court lift the stay. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) Thus, "removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Ibid.*)

The Attorney General disputes this reasoning, arguing that as a general matter enhancements like section 667.5, subdivision (b) cannot be stayed, but only stricken, and therefore it is "unlikely the Legislature considered stayed prior prison term enhancements" when enacting section 1172.75. The Attorney General also observes in the specific case of section 667.5, subdivision (b), lifting the stay for someone in defendant's

11

position is now impossible because the Legislature has invalidated that enhancement except in the case of sexually violent offenses.

We need not decide whether a stayed section 667.5, subdivision (b) enhancement carries the potential for increased punishment, because we do not read section 1172.75's "lesser sentence" requirement as *Rhodius* did, to require the new sentence to be lower in terms of time served compared to the original sentence.  Rather, we read the "lesser sentence" requirement to mean the resentencing court should eliminate the section 667.5, subdivision (b) enhancement but not increase other aspects of the sentence to compensate for the eliminated enhancement, except when public safety so requires.  (See § 1172.75, subd. (d)(1).)  In other words, the "lesser sentence" requirement indicates resentencing should, as a general matter, be purely ameliorative, with elements of the sentence removed, not added back in.

The Attorney General notes our high court in another context has interpreted the term "imposed" to mean "imposed and executed," citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1130.  The *Gonzalez* court interpreted the term "imposed" as it appears in section 12022.53, subdivision (f).  *Gonzalez* recognized that "imposed" could encompass an enhancement that was imposed and executed as well as an enhancement that was imposed and then stayed, but reasoned, " 'as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' [Citation.]" (*Gonzalez*, *supra*, at p. 1125.)  Construing the term in the context of the statutory scheme before it, *Gonzalez* held that

"impose" in section 12022.53, subdivision (f) means imposed and executed and not imposed and stayed.  (*Gonzalez*, at p. 1126.)

As *Christianson* recognized, *Gonzalez* was interpreting a statute whose purpose was diametrically opposed to section 1172.75's purpose to reduce sentences.  As *Gonzalez* observed regarding section 12022.53, subdivision (f), "the Legislature's stated intent was to ensure that " ' "*substantially longer prison sentences must be imposed* on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime."  [Citation.]'  [Citation.]" (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, review granted, italics added.) In contrast, Senate Bill Nos. 136 and 483 were "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' (Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019–2020 Reg. Sess.) as amended Sept. 3, 2019, p. 5; see also Stats. 2021, ch. 728, § 1 ['in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements'].)" (*Christianson*, *supra*, at p. 314.) Interpreting "imposed" broadly advances this goal by providing relief to a greater number of inmates.  (See *ibid.*)

The Attorney General argues the legislative history of section 1172.75 indicates an intention to prevent people from serving time based on invalid enhancements and to reduce incarceration costs, none of which is accomplished by eliminating stayed enhancements, which do not increase time served.  As discussed, however, resentencing under section 1172.75 carries

13

the potential for more than just elimination of a section 667.5, subdivision (b) enhancement.  Resentencing courts are directed to apply other changes to the law "that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing," and to "consider postconviction factors . . . that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subds. (d)(2)–(3).)  These requirements mean that even a defendant with a stayed section 667.5, subdivision (b) enhancement may end up with a shorter sentence, not based on the elimination of the enhancement but on the resentencing court's application of new ameliorative sentencing laws or consideration of postconviction factors.  This is consistent with the goal of reducing incarceration based on outdated rules.

The Attorney General argues the court that sentenced defendant likely "misspoke" when it stayed the section 667.5, subdivision (b) enhancement, and meant to strike it.  To the extent the court misspoke, the record does not reflect the court ever sought to correct itself, thus leaving in place a judgment with a stayed, not stricken, section 667.5, subdivision (b) enhancement.

We therefore conclude the section 667.5, subdivision (b) enhancement imposed on the carjacking-related sentence entitles defendant to full resentencing on the carjacking-related convictions, despite the enhancement having been stayed.  As defendant concedes, this holding moots defendant's challenge in case No. B332286, in which he also seeks full resentencing on the carjacking-related convictions based on the section 667.5,

14

subdivision (b) enhancements imposed on his concurrent gassing sentence.

## DISPOSITION

The order denying full resentencing in case No. B336359 is reversed, and the matter remanded for a full resentencing hearing pursuant to Penal Code section 1172.75.  Case No. B332286 is dismissed as moot.

<u>NOT TO BE PUBLISHED.</u>


BENDIX, Acting P. J.


We concur:



WEINGART, J.



M. KIM, J.


15